UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOME DEPOT, U.S.A., INC.

                Plaintiff,

-against-

G & S INVESTORS/WILLOW PARK, L.P.,
a New York Limited Liability Partnership,
MELICK-TULLY & ASSOCIATES, INC. and
JAMES SMITH CONTRACTING, INC.,

                Defendants.
------------------------------------------------------------X
RELIASTAR LIFE INSURANCE COMPANY,

                Plaintiff,

-against-

HOME DEPOT, U.S.A., INC.

                Defendant.
------------------------------------------------------------X
HOME DEPOT, U.S.A., INC.,

                Third-Party Plaintiff,

-against-

G & S INVESTORS/WILLOW PARK, L.P.,

                Third-Party Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**98-CV-6719 (TCP)(ARL)**

**00-CV-676(TCP)(ARL)**

PLATT, District Judge.

      Before the Court is ReliaStar Insurance Company of New York and Willow Park Remote LLC ("ReliaStar plaintiffs") letter motion requesting that the Court order a two-phase trial. The ReliaStar plaintiffs request that the first phase of the trial determine whether Home Depot U.S.A.,

Inc. ("Home Depot") is estopped from presenting its constructive eviction defense. For the following reasons, the ReliaStar plaintiffs' motion is hereby **GRANTED**.

## BACKGROUND

*Facts*

The parties' familiarity with the facts of this case is presumed and only those facts relevant to decide the instant motion will be discussed.

In 1989, G & S, as landlord, and Home Depot, as tenant, entered into a twenty-year lease whereby G & S was to prepare a building pad and Home Depot was to construct a retail store ("Store") and pay monthly rent to G & S. In 1993, G & S and ReliaStar's predecessor in interest entered into an agreement in which G & S assigned its right to receive rent from Home Depot to ReliaStar. ReliaStar and Home Depot executed a Recognition Agreement in which Home Depot agreed to pay rent to ReliaStar and warranted that the premises were in good order and repair. In 1999, Home Depot moved off of the premises and stopped paying rent, contending that it had been constructively evicted due to a differential settlement of the Store's building pad.

By Order dated April 19, 2000, the Court consolidated the two above captioned actions for discovery and trial. In the first action, Home Depot claims that G & S breached the lease agreement thereby constructively evicting Home Depot from the Store. In the second action, the ReliaStar plaintiffs seek damages from Home Depot for failure to pay rent pursuant to the Recognition Agreement. Home Depot asserts constructive eviction as a defense to the ReliaStar lawsuit.

The ReliaStar plaintiffs now move to have the issue of whether Home Depot may assert its constructive eviction defense bifurcated from the issue of whether Home Depot is estopped from

asserting the defense based on its representations in the Recognition Agreement.

*Procedural History*

By Order dated November 7, 2005 (DE 208), this Court granted ReliaStar's motion for summary judgment against Home Depot based on the "hell or high water" clause in the 1993 Recognition Agreement. The Court held that Home Depot was obliged to pay rent to ReliaStar and that it was estopped from asserting a constructive eviction defense based on the clause. On June 29, 2009, the Second Circuit Court of Appeals vacated the judgment and remanded the case for further proceedings. *ReliaStar Life Ins. Co. of New York v. Home Depot U.S.A., Inc.*, 570 F.3d 513, 520 (2d Cir. 2009).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 42(b), for "convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The decision to bifurcate or not is within the sound discretion of the trial court. *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988). "On a case-by-case basis, courts should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion." *Lewis v. City of New York*, 689 F.Supp.2d 417, 429 (E.D.N.Y. 2010) (citing *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000)). "Bifurcation is thus the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Id.* at 428 (citing *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).

The ReliaStar plaintiffs contend that the estoppel issue is governed by the Recognition Agreement between Home Depot and ReliaStar and the circumstances surrounding its execution. Trying that issue first would, plaintiffs contend, reduce jury confusion because the time period related to the estoppel question predates by three years the evidence related to Home Depot's constructive eviction defense. ReliaStar also contends that it would be prejudiced if the constructive eviction issue was tried first because it would be forced to bear the burden and expense of preparing for a trial on constructive eviction before a jury decides the estoppel issue. On the other hand, Home Depot will not be prejudiced is the estoppel issue is tried first because it has to try both the estoppel issue and constructive eviction defense in the event a jury finds for Home Depot on the estoppel issue. The ReliaStar plaintiffs also point out that trying the estoppel issue first promotes judicial economy because if there is a result in ReliaStar's favor, G & S would have a basis to renew its motion to supplement its answer to add a claim for unpaid rents, which the Court could decide prior to a trial between Home Depot and ReliaStar.

For those reasons, the undersigned finds that ReliaStar has met its burden of showing that bifurcation of the estoppel issue and constructive eviction defense will result in judicial economy and will avoid prejudice to both parties. Moreover, as the Second Circuit pointed out, the "first potential bar to Home Depot's assertion of construction eviction is the estoppel certificate contained in paragraph 8 of the Recognition Agreement." *ReliaStar Life Ins. Co.*, 570 F.3d at 518. The Circuit further noted that the estoppel certificate would not bar Home Depot from asserting constructive eviction if it could show that it "was unaware of the faulty condition of the building pad when it executed the Recognition Agreement (and its lack of awareness was reasonable at the time)." *Id.* at 519.

In light of the foregoing, it is prudent for the estoppel certificate issue to be tried first. Accordingly, trial of the issues in this case shall be bifurcated with the first phase devoted to the estoppel issue.

**SO ORDERED.**

Dated: September 27, 2011
      Central Islip, New York

                                                Thomas C. Platt, U.S.D.J.